UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CIV-80543-MARRA/JOHNSON

THE ATRIUMS OF PALM BEACH
CONDOMINIUM ASSN., INC.,

    Plaintiff,
vs.

QBE INSURANCE COMPANY,

    Defendant.
_____/

FILED by _____ D.C.
SEP 0 2 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Protective Order and Objection to the Production of Documents Requested in Defendant's Subpoena Duces Tecum to Jeffrey Dobbins and Peter Hahn (D.E. #55). For the following reasons, said Motion is granted.

By this Motion, Plaintiff, Atriums, seeks an order relieving non-testifying experts, Jeffrey Dobbins and Peter Hahn, from having to sit for deposition and produce certain documents requested in an accompanying subpoena duces tecum. The subject experts were team leaders employed by TSSA Storm Safe, a company retained by Plaintiff subsequent to the initiation of this action, as a non-testifying consultant to assist the expert that Atriums retained as its testifying expert. TSSA's work was limited to compiling, identifying, and organizing visual data, including pictures of the damage Atriums sustained

-1-

as a result of Hurricane Wilma. The report eventually generated consists of over eight inches of documents, complete with photos, sketches, and a 4-page summary report. Because the testifying expert retained by Plaintiff relied on the TSAA report, the report was produced early on in discovery. Now, however, the Defendant insurance company seeks to invade the thought processes and mental impressions of Plaintiff's non-testifying experts through deposition and document discovery clearly not permitted under the rules.

The work product doctrine protects from disclosure documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's attorney acting for his client. Fed. R. Civ. P. 26(b)(3)[1]; In re Grand Jury Proceedings, 601 F.2d 162, 171 (5th Cir. 1979). With reference to non-testifying experts, Rule 26(b)(3) specifically states that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare or trial and who is not expected to be called as a witness at trial." Id.; see also Eliasen v. Hamilton, 111 F.R.D. 396, 399 (N.D. Ill. 1986).

Defendant attempts to circumvent this rule by arguing that exceptional circumstances are present in this case which entitle it to "explore the basis of the facts and grounds for the opinions of [the non-testifying experts]." Def's Resp., p. 3. The Defendant insurance company's asserted basis for the essentially unrestricted discovery sought is the fact that TSSA prepared a report which Plaintiff's testifying

---

[1] Rule 26(b)(3) was adopted in 1970 to codify the holding in Hickman v. Taylor, 329 U.S. 495 (1947).

expert is relying upon, and which Plaintiff has already produced to the insurance company. Under the facts and circumstances presented, Defendant has not met its heavy burden of demonstrating the existence of exceptional circumstances. See Fed. R. Civ. P. 26(b)(3)(ii) and 26(b)(4)(B)(ii); Cooper v. Meridian Yachts, Ltd., 2008 WL 2229552 (S.D. Fla. May 28, 2008).

The cases cited by Defendant in support of its position, Eliasen v. Hamilton, 111 F.R.D. 396, 399 (N.D. Ill. 1986), Heitman v. Concrete Pipe Machinery, 98 F.R.D. 740 (E.D. Mo. 1983), and Long Term Capital Holdings v. United States, 2003 WL 21518560 (Dist. Ct. Conn. 2003), actually offer support to Plaintiff. In Eliasen the Court reiterated the general proposition that the proposed deposition of plaintiff's non-testifying expert "is exactly the kind of discovery that Rule 26(b)(4)(B) is designed to prohibit." Id. at 401-02. As such, the court did not permit the defendants to depose the plaintiff's non-testifying expert pertaining to the work he did for the plaintiffs or obtain documents which the plaintiff's testifying expert did not see. Id. However, because the non-testifying expert at issue there conducted an investigation "**prior** to being retained by plaintiffs," the court did allow defendants to depose the non-testifying expert, but **only** as to his work **prior** to being retained by plaintiff. Clearly, this is not the situation here, where the non-testifying expert was at all times retained by the Plaintiff herein.

Defendant's reliance on Heitman and Long Term Capital is similarly unavailing. In Heitman the issue was whether the plaintiff was entitled to discovery of the non-testifying expert's report that was relied upon by the testifying expert. Id.

98 F.R.D. 740. Here, Defendant has already been provided with the report relied upon by Plaintiff's expert. What Defendant seeks in this instance is much more significant; here Defendant seeks to discover documentation and testimony that was not relied upon by Plaintiff's testifying expert, and which was created for the benefit of Plaintiff in preparation of trial, discovery clearly not countenanced by the court in Heitman. Nor is Defendant aided by the decision in Long Term Capital wherein the court permitted the depositions of the non-testifying experts only after finding a "seamless collaboration" between the non-testifying experts and the testifying experts, and even then limited the scope of the deposition to "an inquiry into the participation...in the preparation, drafting, editing and/or revising [of] the expert reports," and "any meetings telephone calls, or other contacts" between the testifying and non-testifying experts. Id. 2003 WL 21518560. Here, there is no evidence of any "seamless collaboration" in the preparation of the testifying expert's report, or anything even close to that.

In summary, the Court agrees with Plaintiff that under the facts and circumstances presented, the work product doctrine protects documents generated by Plaintiff's non-testifying experts that were not disclosed or relied upon by Plaintiff's testifying experts and likewise protects the non-testifying experts, Jeffrey Dobbins and Peter Hahn, from having to sit for deposition to, as Defendant puts it, "explore the basis of the facts and grounds for the opinions of [the non-testifying experts]." Def's Resp., p.3. In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Protective Order and

Objection to the Production of Documents Requested in Defendant's Subpoena Duces Tecum to Jeffrey Dobbins and Peter Hahn (D.E. #55) is **GRANTED.**

**DONE AND ORDERED** this September 2, 2009, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC: The Honorable Kenneth A. Marra
All Counsel of Record